UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA MARIE LINDBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  23-01186 (UNA) |
| ) | |
| ) | |
| STONE PARK ENTERTAINMENT *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint for Violation of Fair Labor Standards, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither plainly nor concisely stated."  *Jiggetts v. District of Columbia*,

319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (cleaned up).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Chicago, Illinois, has submitted a 12-page rambling complaint against seven "gentleman's clubs," seeking "unpaid wages." Compl. at 5. Plaintiff alleges that since 2005," she "worked" but "did not get paid any wages with the exception of only a couple of paychecks" she "received . . . and only temporarily from [defendant] Spearmint Rhino in Las Vegas." *Id*. In addition to that club, Plaintiff sues two clubs in Illinois; one club in Tampa, Florida; and three clubs in New York. *See* Compl. at 2-3. Allegedly, "none of the other clubs ever paid [Plaintiff] anything," and she "was extorted, threatened, stalked, and sexually abused in the process." *Id*. at 5. The alleged violations occurred "April 2005 through January 2020," *id*. at 9, but when and by which defendant are unspecified.

Although Plaintiff has invoked the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*., she has pleaded no cogent set of facts establishing her entitlement to relief under the Act. *See Rhea Lana, Inc. v. United States*, 925 F.3d 521, 522–23 (D.C. Cir. 2019) (The FLSA "guarantees all 'employees' a federal minimum wage. . . . . The Act does not extend its protections to workers who are volunteers rather than employees [or] independent contractors.") (citations omitted)); *see also Benton v. Laborers' Joint Training Fund*, 210 F. Supp. 3d 99, 106 (D.D.C. 2016) ("[B]efore an employee can recover overtime wages under the Act, she must first establish that her

employment relationship is subject to coverage under the FLSA.") (citing cases)); *Driscoll v. George Washington Univ.*, 42 F. Supp. 3d 52, 58 (D.D.C. 2012) ("[T]o state a claim under the FLSA for unpaid overtime, a plaintiff must allege that: (1) the defendant employed [her]; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff actually worked in excess of a 40–hour work week; and (4) the defendant failed to pay [her] overtime wages as required by law."). Consequently, this case will be dismissed by separate order.

Date: May 12, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge